**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAFECO INSURANCE
COMPANY OF AMERICA,
      Plaintiff,                    CIVIL ACTION NO. 08-CV-10546

vs.

                                  DISTRICT JUDGE STEPHEN J. MURPHY, III

OAKLAND EXCAVATING      MAGISTRATE JUDGE MONA K. MAJZOUB
COMPANY, et al.
      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOCKET NO. 33)**

This matter comes before the Court on Plaintiff's Amended Motion to Strike Affirmative Defenses filed on December 22, 2008. (Docket no. 33). Defendants did not file a Response[1]. The Court heard oral argument on January 26, 2009. Counsel were present at oral argument. The motion has been referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 34). The matter is therefore ready for ruling.

Plaintiff brings this action as Surety that issued payment and performance bonds at the request of and on behalf of Defendant Oakland Excavating Company for construction projects which required bonds pursuant to the Michigan Public Works Bond Act, M.C.L. § 129.201 et seq. and § 570.101 et seq. (Docket no. 23). Defendant Oakland's Co-Defendants, Steven Hamilton, Cindy

---

[1] At the hearing, Defendant's counsel stated that he was relying on his Answer and Brief In Opposition to Plaintiff's Amended Motion to Strike Affirmative Defenses filed on August 11, 2008. (Docket no. 14). This document does not comply with E.D. Mich. LR 7.1(b) and (d)(2)(B). Defendant incorrectly concluded that the Court will rely on a response filed months before the motion at issue and prior to two amended answers. (Docket nos 14, 21, 24, 33).

-1-

Hamilton, Paul McIntosh and Jane McIntosh (the "Indemnitors") are indemnitors to the bonds. Plaintiff alleges that the Indemnitors agreed to indemnify and hold Plaintiff harmless from all loss and expense in connection with the bonds. Plaintiff alleges that it has received claims against the payment and performance of the bonds, has notified Defendant Oakland of the claims, has made some claim payments and has requested that the Indemnitors indemnify it in accordance with the Indemnity Agreement. (Docket no. 23). Plaintiff brings claims for breach of contract, exoneration and *quia timet* and specific performance.

Plaintiff seeks to strike Defendants' affirmative defenses under Rule 12(f), Fed. R. Civ. P. (Docket no. 33). Rule 12(f) provides that the court "may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). Defendants' Answer contains thirteen affirmative defenses. (Docket no. 24). As the result of a Rule 7.1 conference between the parties, Defendants agreed to withdraw Affirmative Defense No. 6. Plaintiff argues that Affirmative Defense Nos. 1, 4, 8, 10 and 11 are legally and factually baseless. Plaintiff argues that the remaining defenses are factually baseless and are foreclosed by the Indemnity Agreement.

Motions to strike under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored. *Zamboroski v. Karr*, 2005 WL 2314011 (W.D. Mich. Sept. 22, 2005). Striking a defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Id*. (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff. *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 174 (E.D. Mich. 2006).

"Motions to strike should not be granted unless the sufficiency of the defense is clearly

inadequate." *See Truck Ins. Exchange v. Bd. of County Road Comm'rs*, 244 F.Supp. 782, 784 (W.D. Mich. 1965), citations omitted. Where the sufficiency of a defense is challenged by a motion to strike, "the sufficiency is to be determined solely upon the face of the pleading." *See Brew, Woltman & Co. v. Anthony*, 94 F. Supp. 955, 956 (S.D.N.Y. 1951).

Underlying Defendants' Defense Nos. 1, 4, 8, 10 and 11 is the allegation that Plaintiff "grossly overpaid" for professional services, including attorney and consulting services. Defendants cite as an example a fee in excess of $50,000, which Plaintiff allegedly paid to Nicholson Professional Consulting to perform an audit of Defendants' books. Defendants call the audit "factually incorrect, misleading and incomplete." (Docket no. 24). Defendants conclude that they cannot be held liable for these unnecessary and/or excessive fees.

Plaintiff cites Michigan case law holding that a defendant indemnitor's affidavit claiming that professional and consulting fees paid by the Surety appear to be excessive is insufficient to create a genuine issue of material fact. *See State Auto. Mut. Ins. Co. v. Reschke*, 2008 WL 4937971 (E.D. Mich. Nov. 14, 2008). In *State Automobile*, however, the issue was whether the indemnitor created a genuine issue of material fact sufficient to defeat the plaintiff's motion for summary judgment. In this instance the Court must view the defenses under attack in the light most favorable to Defendants and the sufficiency of the defenses is ordinarily based on the pleadings alone. *See* 61A AM. JUR. 2D PLEADING §§ 508, 510 (2008); *Brew, Woltman & Co. v. Anthony*, 94 F. Supp. at 956. Plaintiff has not shown that the defenses based on alleged overpayments for professional and consulting services are clearly inadequate or have no bearing on the subject matter at hand. The defenses may be sufficient partial defenses to Plaintiff's claims and alleged damages. *See* 61A AM. JUR. 2D PLEADING § 519 (2008) ("A defense is not insufficient . . . merely because it is a partial defense."); *Shepherd*

*v. Popular Publ'ns*, 10 F.R.D. 389, 391 (S.D.N.Y. 1950).  Furthermore, Plaintiff has not alleged that it will be prejudiced by allowing the defenses to stand.  The Court will deny Plaintiff's motion to strike as to Defense Nos. 1, 4, 8, 10 and 11.

Plaintiff argues that Defense Nos. 2, 3, 5, 7, 9, 12 and 13 "offer no factual bases in support thereof."  Plaintiff does not allege that it will be prejudiced by allowing the defenses to stand.  Plaintiff argues that Defense No. 2, alleging that Plaintiff failed to notify Defendants of the impending claim and give Defendants an opportunity to object, is legally baseless because the Indemnity Agreement provides that Defendants "waive all notice of such default, of the payment of any claim."  Defendants deny that they waived notice in paragraph 17 of their Answer to Amended Complaint.  (Docket no. 24 ¶ 17).  Defense No. 2 is consistent with the face of the pleadings, including Defendants' Answer.  The Court will deny Plaintiff's motion to strike as to Defense No. 2.

Defense Nos. 5 and 7 rely on the underlying premise that some of the bond claims are for projects completed more than one year ago, in violation of Michigan Law.  Plaintiff did not address this issue and at the hearing Defendants' counsel was able to identify at least one claimant to which the statute of limitations may apply.  The remainder of Defense Nos. 5 and 7 is not inconsistent with the other pleadings, particularly Defendants' Answer and the Court cannot find that the defenses bear no weight on the case at bar.  Similarly, Defense No. 3, alleging that Plaintiff voluntarily paid some claims, relates to this action.  Based on the pleadings it is not clear that Defense No. 3 is not a partial defense to Plaintiff's claims.  The Court will deny Plaintiff's motion to strike as to Defense Nos. 3, 5 and 7.

Defense No. 9 alleges that Plaintiff has failed to mitigate its damages by failing to confer and meet with Defendants prior to making any claim payments and that such a conference may have resulted in reduced payments to the subcontractors and suppliers. The Court finds that Defense No. 9 is consistent with Defendants' Answer, may have some bearing on the matters in this action and may serve as a defense or partial defense to one or more of Plaintiff's claims or alleged damages. The Court will deny Plaintiff's motion to strike as to Defense No. 9.

Defense Nos. 12 and 13 are an attempt by Defendants to reserve the right to amend or supplement their Answer and defenses and assert additional defenses as discovery continues. Discovery is closed and these assertions are not defenses. The Court will strike Defense Nos. 12 and 13. Plaintiffs have failed to carry their burden of showing that Defendants' Defense Nos. 1-5 and 7-11 should be stricken and the Court will deny Plaintiff's motion as to these defenses.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (docket no. 33) is **GRANTED** in part as to Defense Nos. 12 and 13 and Defendant Nos. 12 and 13 are **STRICKEN.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Strike Affirmative Defenses (docket no. 33) is **DENIED** as to the remainder of Defendants' defenses.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: January 30, 2009             s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: January 30, 2009                      s/ Lisa C. Bartlett
                                                      Courtroom Deputy