UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFECO INSURANCE COMPANY OF
AMERICA,

       Plaintiff(s),

v.

THE OAKLAND EXCAVATING
COMPANY, STEVEN G. HAMILTON,
CINDY L. HAMILTON, PAUL McINTOSH
and JANE McINTOSH,

       Defendant(s).
                                   /

Case No. 2:08-cv-10546

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (Docket 30)

This is a suit for indemnification under an indemnity agreement between plaintiff Safeco Insurance Company of America ("Safeco") and defendants the Oakland Excavating Company ("Oakland"), Steven G. Hamilton, Cindy L. Hamilton, Paul McIntosh and Jane McIntosh. Before the Court is Safeco's motion for summary judgment, seeking judgment of $184,014.86 for claims and expenses previously incurred and paid by Safeco as of November 2008, and a judgment requiring defendants to post cash collateral in the amount of $277,642.89 to be held by Safeco to cover pending and future bond claims.

**FACTS**

The plaintiff, Safeco Insurance Company ("Safeco") is a Washington insurance company with its principal place of business in Washington. Amended Complaint ¶ 1. Oakland Excavating Company is a Michigan corporation with its principal place of business in Michigan. Amended Complaint ¶ 2. Individual defendants Steven Hamilton and Cindy Hamilton are residents of Michigan. Amended Complaint ¶¶ 3-6. Jane McIntosh and Paul

McIntosh deny being Michigan residents, but do not affirmatively assert that the parties are not diverse.

Oakland entered into contracts with various governmental entities in Michigan to perform construction work.  Amended Complaint ¶ 9.  Michigan law required Oakland to obtain performance and payment surety bonds to guarantee its performance obligations under the contracts and to ensure its payments to subcontractors and material men, and Oakland contracted with Safeco to provide these bonds.  Amended Complaint ¶¶ 10-12.

As a condition for Safeco issuing bonds on behalf of Oakland, Safeco required the defendants (collectively the "Indemnitors") to enter into a General Agreement of Indemnity for Contractors with Safeco on or about May 27, 2003 *the "Indemnity Contract").  Amended Complaint ¶ 12 and Exhibit A.  The Indemnity Agreement requires the Indemnitors agreed to indemnify Safeco as follows:

> Undersigned agree to pay to Surety upon demand:
>
> 1. **All loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (**whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), **consultant fees, investigative costs and any other losses, costs or expenses incurred by Surely by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned.**  In addition, the Undersigned agree to pay to Surety Interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;
> 2. **An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;**
> 3. An original, additional or renewal premium due for any bond.

Amended Complaint ¶ 13 (emphasis added).  The Indemnity Agreement also required the Indemnitors to assign all contracts, money received under such contracts, causes of action and insurance policies as collateral security, and requires the Indemnitors to hold all

2

moneys earned by the contractor under any contract in trust for the Surety. Amended Complaint ¶¶ 14, 15.

When claims are made against the Surety, the Indemnity Agreement provides as follows:

> 1. Surety shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any Bond shall, o [sic] the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.
>
> 2. Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.
>
> 3. **Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned.**
>
> 4. **An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.**

Amended Complaint ¶ 16 (emphasis added).

Safeco issued various payment and performance bonds (the "Bonds") at the request of and on behalf of Oakland Excavating Company. Amended Complaint, ¶ 11. Following the issuance of the Bonds and the execution of the Indemnity Agreement, various claims were made against Safeco on the Bonds. Amended Complaint ¶ 18. Safeco has made three claim payments, totaling $126,115.85 on the Bonds. Amended Complaint ¶ 20. These payments were to Aldridge Trucking Co., in an amount of $95,070.32, and two payments to Pyramid Paving, in the amounts of $5,985.80 and $25,059.73. *Id.* While there are other pending Bond claims, Oakland asserts that these claims are time barred under the Michigan Public Works Bond Act. Amended Complaint ¶ 21.

There is also a lawsuit against Safeco related to the Bonds, *Galaxy Excavating Co., Inc. v. Safeco Insurance Co.*, No. 08-093067, pending in the Circuit Court for the County of Oakland, alleging claims for breach of contract and claims on the Bonds with respect to

two of the Bonds in a total amount of $257,642.89. Amended Complaint ¶ 21. Oakland is paying for Safeco's defense in that action and asserts that Galaxy's claims are time barred. Safeco has demanded additional collateral from the defendants in the amount of $277,642.89, which is the amount at issue in the *Galaxy* litigation plus an additional $20,000.

Safeco hired a consultant, Nicholson Professional Consulting ("Nicholson"), to review Oakland's books and records and to assist Safeco in evaluating its bond exposure. Amended Complaint, ¶ 22. It also hired an outside law firm, Hinshaw & Culbertson LLP ("Hinshaw"), to investigate and defend the bond claims and enforce the Indemnity Agreement against the defendants. Amended Complaint ¶ 23. Safeco has paid $69,966.71 in fees and expenses to Nicholson and Hinshaw as of August 2008. Amended Complaint ¶ 25. As of August 2008, Safeco has also obtained recoveries of $7,800 from the Township of Lyon and $8,000 from Oakland. Amended Complaint ¶ 26.

Safeco seeks judgment against Oakland and the individual defendants, jointly and severally, in the amount of $183,463.86 plus interest. Safeco also seeks an injunction requiring the defendants to post collateral in the amount of $277,642.89 for the *Galaxy* claim and an injunction ordering the defendants to set aside all bonded contract funds in an escrow account to be set up by Safeco for use in discharging Oakland's obligations under the bonds.

## PROCEDURAL HISTORY

The defendants assert in their affirmative defenses that Safeco is barred from recovering some of its claims because some of the payments, including payments to Nicholson Consulting, were unreasonable. Safeco has filed several motions to strike the defendants' affirmative defenses. Safeco's initial motion was withdrawn after Safeco

4

discovered that it had inadvertently cut and pasted a motion from another unrelated case. Safeco subsequently filed a second motion to strike the defendants' affirmative defenses, which motion was referred to Magistrate Judge Majzoub. That motion was withdrawn, and a third motion was filed. That motion was stricken by Magistrate Judge Majzoub for failure to comply with Local Rule 7.1(a) (2)(A). (DE 32). Safeco then filed a fourth motion to strike. Magistrate Judge Majzoub ruled on the motion in January of this year, and her order denied almost all of the relief sought by Safeco. (DE 41) Safeco has reduced its demand for attorneys fees by $551.00 in light of these events.

## ANALYSIS

Safeco argues that it is entitled to summary judgment because the Indemnity Agreement is clear and unambiguous and the defendants are in breach of the contract. Safeco argues that it is undisputed that Safeco received bond claims, hired a consultant and outside law firm, that Safeco paid claims and incurred fees and expenses, made demands upon the defendants to reimburse it and post collateral, and despite Safeco's demands the defendants have failed to fully reimburse Safeco for its current loss or to post collateral for the pending lawsuit against Safeco.

The Indemnification Agreement provides that defendants are in default if they do not pay claims, bills or other indebtedness or if they fail to perform, or comply with, any provision of the agreement. Exhibit 1 ¶30. Safeco argues that the defendants have breached the Indemnity Agreement by failing to pay the bond claimants the amounts claimed, failing to pay Safeco for the amounts it has paid to bond claimants and to its attorneys and consultants, and failing to post additional collateral for the *Galaxy* litigation.

The defendants concede that they are responsible to indemnify and reimburse Safeco when it pays bond claims. Defendants do argue, however, that summary judgment is not

5

appropriate as to the $73,699.01 in fees and expenses that Safeco seeks for its consultants and attorneys fees, and defendants also argue that Safeco is not entitled to an injunction requiring the defendants to post collateral in the amount of $277,642.89 for the *Galaxy* litigation. The defendants also argue that the plaintiffs might have received additional reimbursements from other parties and therefore there might be a factual issue as to the bond claims totaling $126,115.85 that Safeco paid to Aldridge Trucking Co. and Pyramid Paving.

On the issue of additional collateral, the defendants argue that they are not in breach of the Indemnity Agreement because they are making payments to Safeco, they are providing a defense to Safeco in the *Galaxy* litigation and have agreed to fully indemnify them and hold them harmless, and the *Galaxy* litigation is meritless because the claims therein are time-barred and the subject of a motion for summary judgment.

A collateral security provision in an indemnity agreement allows the surety to demand funds from the indemnitors to hold in reserve and, if the claim must be paid, use those funds to pay the loss. *North American Specialty Ins. Co. v. Goldstein Enterprises, LLC*, 2008 WL 820351 at *6 (W.D. Mich. March 25, 2008) (citations omitted). Sureties are ordinarily entitled to specific performance of such clauses. *Id.* (citing *Safeco Ins. Co. v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984)). Demand by the surety of collateral is a condition precedent to suit. *Id.* Safeco has alleged that it has made such a demand. Amended Complaint ¶ 29. The collateral security provision unambiguously requires the indemnitors to "pay to Surety upon demand: . . . An amount sufficient to discharge any claim made against Surety on any Bond." Amended Complaint ¶16. There is no requirement in this language that the claim be likely to succeed and therefore defendants

6

arguments that the fact that the claim is likely to be dismissed excuses them from posting additional collateral upon demand is without merit.

The parties do not raise the issue of whether the plaintiff here is entitled to specific performance of the collateral security provision. Specific performance is an equitable remedy that may be invoked when the plaintiff does not have an adequate remedy at law. *Stevenson v. Estate of Jordan*, 2008 WL 4604387 at *2 (Mich. Ct. App. Oct. 7, 2008) (citing *Basinger v. Provident Life & Accident Ins. Co.*, 67 Mich. App.1, 8 n.21 (1976). While this specific issue has not been addressed by the Michigan Supreme Court, the vast majority of courts that have addressed this issue have concluded that a surety does not have an adequate remedy at law for the failure of an indemnitor to post collateral security on demand. *See, e.g.*, *Safeco Ins. Co. v. Schwab*, 739 F.2d 431, 434 (9th Cir. 1984); *American Home Assur. Co.. v. Peter Gun, Inc*, 1999 WL 672569 at *2 (S.D.N.Y. Aug. 26, 1999); *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 588 (M.D. Pa. 1998); *Safeco Ins. Co. v. Criterion Inv. Corp.*, 732 F. Supp. 834, 843 (E.D. Tenn. 1989). Plaintiffs are therefore entitled to an order of this Court requiring the defendants to post additional collateral of $257,642.89, the amount at issue in the *Galaxy* litigation. While plaintiff has demanded an additional $20,000 as collateral security for fees and expenses incurred in the Galaxy litigation, the Indemnity Agreement only provides for payment on demand as collateral security of "An amount sufficient to discharge any claim made against Surety on any Bond . . . [which] may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond," and does not require collateral for attorneys fees and costs. Amended Complaint ¶ 13 (quoting Indemnity Agreement).

On the issue of reimbursement for consultant and attorney fees, Defendants argue that a material issue of fact exists as to the reasonableness of the fees incurred. The

defendants argue that this lawsuit deals with only three claims made on Oakland's payment bond; they argue that this is not a complex case and would require only minimal amount of oversight and interaction with the principal and subcontractor. Defendants assert that the process is as follows: "Essentially the bonding company reviews the work completed, examines the payment history of the project, and if a subcontractor has not been paid and is in compliance with the terms and conditions of the payment bond, a check is issued." Response at 5. The defendants have submitted the declaration of Paul McIntosh, in which Mr. McIntosh asserts that all payments made by Safeco were made on the payment bond, not on the performance bond; that the few claims made were immediately resolved and would under no circumstances require the engagement of a consulting company to administer; and that Nicholson has failed to provide the back-up information for its charges that would illustrate how inflated and excessive the charges are under the facts of this case

The defendants argue that, given the simplicity of the case, the costs billed by Nicholson are excessive and completely unreasonable. As an example, the defendants note that Nicholson apparently billed a total of 276 hours for document reviews in the month of April, 2007. The defendants also submit an expense report which shows that a dinner of filet mignon and wine was billed to the defendants, as well as receipts for magazines and snacks. The defendants also assert that the resulting report by Nicholson was replete with errors, omissions and factual inaccuracies.[1]

---

[1] Safeco relies on this Court's order in *State Automobile Mut. Ins. co. v. Reschke*, 2008 WL 4937971 (E.D. Mich. Nov. 14, 2008) in support of its argument that summary judgment is appropriate on the amount owed. While there are certainly factual similarities between this case and *Reschke*, *Reschke* is not precisely on point. In *Reschke*, the defendant Indemnitor argued that it was entitled to a jury trial on the issue of whether the claims paid by the surety were excessive and whether the surety had failed to mitigate its damages. In opposition to the surety's motion for summary judgment, the defendant in Reschke merely submitted an affidavit by the defendant stating that he had not received sufficient documentation of the reasonableness of the claims paid and suggesting that they

Summary judgment is appropriate only if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. The Court finds here that plaintiffs are not entitled to summary judgment on the costs and fees expended for their outside counsel and consultant. Under the Indemnity Agreement, the defendants agreed to reimburse Safeco for costs and expenses, including reasonable attorneys fees, that Safeco determines in good faith are necessary. The Indemnity Agreement provides that "An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned," and the "Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned." This language clearly and unambiguously requires the defendants to reimburse the plaintiff for payments made in good faith of costs and fees and reasonable attorneys fees. The "prima facie evidence clause" shifts the burden of proof to the defendants to show that any payment by the plaintiff was not made in good faith. *Ohio Farmer Ins. Co. v. Marcelli Const. Co.*, 2001 WL 1404785 at *1 (Mich. Ct. App. Nov. 9, 2001). Summary judgment is appropriate only when the indemnitor fails to produce evidence to rebut the plaintiff's prima facie claim. *Id.* Here, the defendants have offered an affidavit by one of the defendants in opposition to summary judgment submitting

---

might therefore be excessive and unreasonable. The defendant argued that this created a jury question as to the reasonableness of State Automotive's claims payment. This Court held that because the indemnity contract provided that an affidavit by the surety was prima facie evidence of the amount of liability, the defendants could not defeat summary judgment by merely questioning the reasonableness of the sureties expenditures. Here, unlike in *Reschke*, the defendants have come forward with at least some evidence that Safeco's expenditures were unreasonable, at least with respect to its consultants and attorneys. The question is whether the defendants' submissions are sufficient to create an issue of material fact that the plaintiff's payments to its consultant and his counsel was not in good faith.

9

arguably excessive expense report receipts, pointing out that plaintiff's counsel has made repetitive and unsuccessful motions and filings and offering facts from which the factfinder could arguably conclude that the bill by Nicholson Consulting was excessive in that the consultant billed Safeco for a large number of hours for a simple case. McIntosh Decl. ¶¶ 6, 10. The McIntosh declaration provides evidence from which a jury could conclude that at least some of the costs and fees that the plaintiffs are seeking were not incurred in good faith and that at least some of the attorneys fees were not reasonable. Once the moving party has satisfied its initial burden in its motion for summary judgment, the nonmoving party must come forward with specific facts showing a need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court finds that defendants' submission is sufficient to create a material issue of fact as to the good faith of at least some portion of the attorneys fees and consultant costs incurred in this case and therefore summary judgment will not be entered on the fees and expenses sought by plaintiff.

     Finally, the McIntosh declaration also asserts that the defendants are not in breach of the Indemnity Agreement because they have made some payments and because they are providing a defense in the *Galaxy* litigation. McIntosh Decl. ¶¶ 11-12. This argument is not supported by the language of the Indemnity Agreement, under which the defendants agreed to pay Safeco, on demand, "[a]ll loss, costs and expenses...incurred by Surety by reason of having executed any Bond," and "[a]n amount sufficient to discharge any claim made against Surety on any Bond." Amended Complaint ¶ 13. The plaintiffs have demanded that defendants pay various claims and fees, and the defendants have failed to pay these amounts in full on demand. The defendants are therefore in breach of the Indemnity Agreement.

10

It is therefore **ORDERED** that plaintiffs' motion for summary judgment (docket entry 30) is **GRANTED IN PART AND DENIED IN PART**.  Summary judgment will be entered in favor of plaintiff, Safeco Insurance Company of America and against defendants, jointly and severally, in the amount of $126,115.85, plus accrued interest as provided for in the Indemnity Agreement, to reimburse the plaintiff for bond payments made to Aldridge Trucking Co. and Pyramid Paving.  It is further **ORDERED** that the defendants must pay to the plaintiff cash collateral in the amount of $257,642.89 to be held as security by Safeco for the claims asserted by the plaintiffs in the *Galaxy* litigation.  Summary judgment is denied as to the $73,699.01 in fees and expenses sought by the plaintiffs.

It is further **ORDERED** that the parties must file their proposed joint final pretrial order on 6/26/09;  the joint final pretrial conference is set for 7/1/09 at 2:00 PM and the trial will commence on 7/7/09 at 9:00 AM.

**SO ORDERED**.

                                                              s/Stephen J. Murphy, III
                                                              STEPHEN J. MURPHY, III
                                                              United States District Judge

Dated: June 12, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2009, by electronic and/or ordinary mail.

                                                               Alissa Greer
                                                                Case Manager